**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

WILLIE JAMES NOBLE                                              PETITIONER
ADC #162308

v.                                    4:25-cv-01161-JM-JJV

DEXTER PAYNE,
Director, ADC                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

I.      **INTRODUCTION**

Petitioner Willie James Noble, an inmate at the Arkansas Division of Correction's Wrightsville Unit, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 *pro se*. (Doc. Nos. 2-3.) I have conducted a preliminary review of Mr. Noble's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed as time-barred.

II.     **BACKGROUND**

After a jury trial in the Circuit Court of Pulaski County, Arkansas, Mr. Noble was convicted of one count of first-degree murder and six counts of committing a terroristic act. *State of Arkansas v. Willie James Noble*, No. 60CR-14-1089, https://caseinfo.arcourts.gov. For the murder, he was sentenced to twenty years' imprisonment plus ten years for the use of a firearm in committing the offense. *Id*. On each count of terroristic act, he was sentenced to a $1,000 fine plus three years' imprisonment for the use of a firearm, each to run concurrently with the murder count, resulting in an aggregate sentence of thirty years. *Id*. Judgment was entered November 10, 2015. *Id*.

Mr. Noble appealed, contending the trial court erred in denying his motions for directed verdict. The Arkansas Supreme Court affirmed on April 20, 2017. *Noble v. State of Arkansas*, 2017 Ark. 142, 516 S.W.3d 727. Mr. Noble did not petition for rehearing, and the mandate issued on May 9, 2017. *Willie James Noble v. State of Arkansas*, No. CR-16-228, https://caseinfo.arcourts.gov. On May 25, 2017, Mr. Noble filed a *pro se* petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. *State v. Noble*, No. 60CR-14-1089. The trial court dismissed the petition on May 31, 2018, for lack of verification as required by Rule 37.1(c). *Id*. Mr. Noble did not appeal.

He filed a state habeas corpus petition on April 28, 2017, in the Circuit Court of Lee County, Arkansas, where he was incarcerated at the time. *Willie Noble v. State of Arkansas*, No. 39CV-17-60, https://caseinfo.arcourts.gov. The petition was denied on May 5, 2017. *Id*. Mr. Noble appealed, but the appeal was dismissed on January 4, 2018, on the basis that he was no longer incarcerated in Lee County. *Noble v. State of Arkansas*, 2018 Ark. 2, 534 S.W.3d 717. After his petition for rehearing was denied, the mandate issued February 22, 2018. *Willie James Noble v. State of Arkansas*, No. CV-17-505, https://caseinfo.arcourts.gov. Mr. Noble then filed a state habeas corpus petition in the Pulaski County Circuit Court on June 6, 2018; it was denied on

May 20, 2020. *Willie Noble v. Wendy Kelly*, No. 60CV-18-3777, https://caseinfo.arcourts.gov.
He also filed a petition to correct an illegal sentence on July 16, 2019, which was denied on May 18, 2020. *Id.*

In the instant Petition for Writ of Habeas Corpus and accompanying Brief in Support, Mr. Noble alleges his sentence is illegal because the jury did not find that he used a firearm in committing the terroristic acts and because it violates the Double Jeopardy clause. (Doc. No. 2 at 4, Doc. No. 3 at 6-12.)

## III.    ANALYSIS

Mr. Noble's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In this case, the one-year limitation period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Noble's judgment became final on May 9, 2017, upon the expiration of the time for seeking rehearing after the Arkansas Supreme Court affirmed his convictions. *See* Ark. Sup. Ct. R. 2-3(a) (a petition for rehearing shall be filed within eighteen calendar days from the date of decision). Thus, barring any statutory or equitable tolling, the limitation period would have ended on May 9, 2018. Mr. Noble filed his Petition on November 5, 2025, more than seven years later.

Because Mr. Noble's Rule 37 petition was not verified, it was not "properly filed" within the meaning of § 2244(d)(2). The United States Supreme Court has held that an application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules "usually prescribe, for example, the form of the document." *Id*. "[I]f a state court finds that a motion fails to comply with filing requirements, that motion is not 'properly filed'" for purposes of statutory tolling, "regardless of whether those filing requirements are firmly established and regularly followed." *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) (addressing Rule 37.1's verification requirement). The state court's decision is "the end of the matter" for purposes of § 2244(d)(2). *Id*. (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). Therefore, Mr. Noble's Rule 37 petition did not toll the running of the limitation period.

Mr. Noble's other applications for collateral review did toll the limitation period. His Lee County Circuit Court habeas corpus petition was pending from April 28, 2017, to February 22, 2018, a total of 300 days. His Pulaski County Circuit Court habeas corpus petition was pending from June 6, 2018, to May 20, 2020, a total of 714 days. The time during which his motion to

4

correct an illegal sentence was pending overlapped entirely with the time during which the latter habeas corpus petition was pending; therefore, it did not toll the time any further.  Taken together, these 1,014 days of tolled time are insufficient to make Mr. Noble's Petition for Writ of Habeas Corpus timely.[1]

Additionally, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Mr. Noble has not made either showing.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Because it plainly appears that Mr. Noble's Petition for Writ of Habeas Corpus is time-barred and he is not entitled to relief, dismissal is appropriate.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  No such showing has been made here, and no certificate of appealability should issue.

## V.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

---

[1] I note that even if Mr. Noble's Rule 37 petition had been properly filed, the exclusion of the time during which it was pending would still not have been enough to make his Petition timely.

5

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. No certificate of appealability be issued.

DATED this 10th day of February 2026.

                       _____
                        JOE J. VOLPE
                        UNITED STATES MAGISTRATE JUDGE